STATE, Appellant, v. GOETHAL, Respondent.

(182 N. W. 943.)

(File No. 4902.   Opinion filed May 14, 1921.)

1. **Sunday—Ball Playing on Sunday, Admission Fee, Non-application of Statute to Moving Picture Performance.**

   The provision in Sec. 3853, Rev. Code 1919, concerning admission fees in connection with Sunday entertainments, applies only to base ball games, and is therefore immaterial in construing said section wherein it relates to the offense of conducting a moving picture show.

2. **Statutes—Interpretation Of, Province of Court, Re Power to Eliminate Part of Law Not Within, Law in Entirety Considered—Rule Stated.**

   It is not the province of the Court to eliminate part of a law and to consider the remaining part as though it stood alone; the law in its entirety must be considered in ascertaining the legislative intent.

3. **Sabbath—Desecration Of, Prohibiting Theatricals As—Motion Picture "Dramatic Performance," Complaint Re, Whether Covering Tragedy, Comedy, Etc.—Statute Construed.**

   A complaint charging defendant with wilfully and unlawfully producing and displaying to the public a dramatic performance, "to-wit: a motion picture show, the same being a presentation and exposition of a drama by means of moving pictures," was properly demurred to as not describing a statutory

public offense under Sec. 3853, Code 1919, providing that. the performance of "any tragedy, comedy, opera, ballet, farce, negro ministrelsy * * * and any moving picture show of the same, * *, dramatic performance or exercise," etc., is a misdemeanor, etc.; since the words "of the same" following "moving picture show" indicate the legislative intent to prohibit moving pictures of the enumerated acts, and by specifying and enumerating said acts, all others are excluded; and moving pictures "of dramatic performances" are not included in the prohibition.

Appeal from County Court, Beadle County. Hon. E. H. VANCE, Presiding Judge.

The defendant, Allen Goethal, was complained of for the alleged misdemeanor of wilfully and unlawfully producing and displaying to the public a dramatic performance, to-wit, a motion picture show as a presentation and exposition of a drama by means of moving pictures. on Sunday. From an order sustaining a demurrer to the complaint, the state appeals. Affirmed.

*Byron S. Payne,* Attorney General, *Edwin R. Winans,* Assistant Attorney General, and *Charles P. Warren,* State's Attorney, for Appellant.

*Crawford & Crawford, Kelly, Byrnes & Markey,* and *Null & Royhl,* for Respondents.

(2) Under point two of the opinion, Appellant submitted that: The statute (Sec. 3853, Code 1919,) prohibits any "dramatic performance or exercise," on Sunday, and a photoplay is a dramatic performance, as declared by the courts, and cited: Encyc. Brit., Vol. VIII, pages 475, 480; Zucarro v. State, (Tex.) 197 S. W. 982; Kalem Co. v. Harper Bros., 222 U. S. 55; Meyers v. State, 5 Ohio App. Rep. 156. That the words "tragedy and comedy" cover the whole field of dramatic production; citing: The New International Encyc. Vol. VII, 232; and Sec. 3853 employs said words in their broad general meaning.

Respondent submitted that: As matter of law and common sense, it cannot be said the Legislature intended to prohibit exhibition of a moving picture drama, when by the manner in which statute is framed the Legislature has expressly omitted such prohibition. To say that moving picture shows are included in term "dramatic performance" is to say the incorporation of the words "and any moving picture show of the same" added nothing to the statute—a result inconsistent with recognized rules of inter-

pretation or construction. That the complaint fails to charge a public offense, charging only that defendant exhibited "a moving picture show, the same being a presentation and exhibition of a drama by means of moving pictures," and not charging it as such show of a "tragedy, comedy," etc., which are the only kind of show prohibited by the statute.

POLLEY, P. J. The state's attorney for Beadle county filed a complaint in the county court of that county charging that on Sunday, the 27th day of March, A. D. 1921, the defendant did— "willfully and unlawfully produce and display to the public a dramatic performance, to-wit: a motion picture show, the same being a presentation and exposition of a drama by means of moving pictures. * * *"

To this complaint defendant demurred on the ground, among others, that said complaint "does not describe a public offense as provided by the laws of the state of South Dakota." This demurrer was sustained by the county court, and the state appeals.

The complaint is filed under the provisions of section 3853, Code 1919. This section, so far as material to this case, reads as follows:

"*Theatrical and Other Performances.* The performance of any tragedy, comedy, opera, ballet, farce, negro minstrelsy, sparring contest, trial of strength, or any part or parts therein, and any moving picture show of the same, or any circus, equestrian, dramatic performance or exercise, or any performance or exercise of jugglers, acrobats, club performers or rope dancers, or baseball games, where an admission fee is charged or anything of value is accepted by the manager, or any of the players or any one connected with said game as a condition of witnessing the same by the public, on the first day of the week is forbidden; and every person aiding in such exhibition * * * is guilty of a misdemeanor, and upon conviction shall be fined," etc.

[1] The complaint alleges that an admission fee was charged as a condition for witnessing the performance set out therein; but it is so clear that the provision relative to admission fees applies to baseball games only, and is therefore not material to this case, that no further notice will be given to said allegation.

[2] It is the contention of defendant that there is no prohibition against a moving picture show on Sunday unless it pre-

sents a performance of a tragedy, comedy, opera, ballet, farce, negro minstrelsy, sparring contest, or trial of strength, and that as the complaint charges only a moving picture of a "dramatic performance" no violation of the law is charged. On the other hand, the Attorney General contends that the law should not be given so limited an interpretation. That a moving picture is only a way of presenting a dramatic "performance or exercise" as the same is used in the law, and that we may eliminate the entire clause "any moving picture show of the same" without changing the meaning of the law. But it is not the province of the court to eliminate part of the law and consider the remaining part as though it stood alone. For the purpose of ascertaining the intention of the Legislature we must consider the law in its entirety.

[3] If the words "of the same," following "moving picture show," had been omitted from the statute, then it would have been plain that the Legislature intended to prohibit all moving picture shows on Sunday. Or again, if the entire clause, "any moving picture show of the same," had been omitted, then the remaining part of the law is broad enough to include all moving picture shows. But to make either of these changes would be to virtually make a new law, and one materially different from the one actually enacted by the Legislature. The mischief at which the statute is aimed is the desecration of the Sabbath day, and the intention of the Legislature was to prohibit certain amusements and entertainments which were regarded as an interference with or disturbance of religious worship or repose on the Sabbath day. To ascertain what amusements and entertainments are placed on the proscribed list we must look to the law as we find it, and give the language there used its ordinary common meaning. When the Legislature prohibited certain acts, to-wit, "any tragedy, comedy, opera, ballet, farce, negro minstrelsy, sparring contest, trial of strength," and "any moving picture show of the same," it is plain that the Legislature intended to prohibit only moving pictures of the enumerated acts; and by specifying and enumerating the acts intended to be prohibited, it necessarily excluded all others. Moving pictures of "dramatic performances" not being included with the prohibited acts is not within the

15—Vol. 44, S. D.

prohibition of the law. The complaint does not describe a public offense, and the demurrer was properly sustained.

The order appealed from is affirmed.